# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALBERT GUNNARD LINNE,<br><br>Defendant. | Case No. 17-CR--00022-LRR<br><br>**REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY** |

_____

On June 2, 2017, the above-named defendant, Albert Gunnard Linne, by consent (Doc. 19), appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11, and entered a plea of guilty to **Count 1** of the Indictment (Doc. 2). After cautioning and examining defendant under oath concerning each of the subjects mentioned in Rule 11, the court determined that the guilty plea was knowledgeable and voluntary, and the offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. The court therefore **RECOMMENDS** that the plea of guilty be accepted and defendant be adjudged guilty.

At the commencement of the Rule 11 proceeding, defendant was placed under oath and advised that if he answered any questions falsely, he could be prosecuted for perjury or for making a false statement. He also was advised that in any such prosecution, the Government could use against him any statements he made under oath.

The court asked a number of questions to ensure defendant's mental capacity to enter a plea. Defendant stated his full name, his age, and the extent of his schooling.

The court inquired into defendant's history of mental illness and addiction to narcotic drugs. The court further inquired into whether defendant was under the influence of any drug, medication, or alcoholic beverage at the time of the plea hearing. From this inquiry, the court determined that defendant was not suffering from any mental disability that would impair his ability to make a knowing, intelligent, and voluntary plea of guilty to the charge.

Defendant acknowledged that he had received a copy of the Indictment, and he had fully discussed the charge with his attorney.

The court determined that there was no plea agreement.

Defendant was advised also that after his plea was accepted, he would have no right to withdraw the plea at a later date, even if the sentence imposed was different from what defendant or his counsel anticipated.

The court summarized the charge against defendant, and listed the elements of the crime. The court determined that defendant understood each and every element of the crime, and defendant's counsel confirmed that defendant understood each and every element of the crime charged.

The court elicited a full and complete factual basis for all elements of the crime charged in **Count 1** of the Indictment to which defendant was pleading guilty. Count 1 of the indictment charged defendant with possession of a firearm and ammunition as a felon. During hearing, defendant affirmatively denied knowing possession of the firearm, but admitted knowing possession of the ammunition.

The court advised defendant of the consequences of his plea, including the maximum fine, the maximum term of imprisonment, the mandatory minimum term of imprisonment, and term of supervised release.

With respect to **Count 1**, defendant was advised that the maximum fine is **$250,000**; the maximum term of imprisonment is **10 years**; and the maximum period of

supervised release is **3 years**. The court also advised defendant that if at sentencing the court finds defendant has three previous convictions for a violent felony or a serious drug offense or both, committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e)(1) defendant's sentence could be greater. Specifically, the court advised defendant that under those circumstances the maximum fine would be **$250,000**; the maximum term of imprisonment would be **life**; the mandatory minimum term of imprisonment would be **15 years**; and the maximum period of supervised release would be **5 years.**

Defendant also was advised that the court is obligated to impose a special assessment of **$100.00**, which defendant must pay. Defendant also was advised of the collateral consequences of a plea of guilty. Defendant acknowledged that he understood all of the above consequences.

The court explained supervised release to defendant, and advised him that a term of supervised release would be imposed in addition to the sentence of imprisonment. Defendant was advised that there are conditions of supervised release, and that if he were found to have violated a condition of supervised release, then his term of supervised release could be revoked and he could be required to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release.

The court also explained to defendant that the district judge would determine the appropriate sentence for him at the sentencing hearing. Defendant confirmed that he understood the court would not determine the appropriate sentence until after the preparation of a presentence report, which the parties would have the opportunity to challenge. Defendant acknowledged that he understood the sentence imposed might be different from what his attorney had estimated. Defendant also was advised that both he

and the Government would have the right to appeal the sentence. Defendant was advised that parole has been abolished.

Defendant indicated he had conferred fully with his counsel and he was fully satisfied with his counsel. Defendant's attorney indicated that there is a factual basis for the guilty plea.

Defendant was advised fully of his right to plead not guilty, or having already entered a not guilty plea to persist in such plea, and to have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial proceedings;
2. The right to a speedy, public trial;
3. The right to have his case tried by a jury selected from a cross-section of the community;
4. That he would be presumed innocent at each stage of the proceedings, and would be found not guilty unless the Government could prove each and every element of the offense beyond a reasonable doubt;
5. That the Government could call witnesses into court, but defendant's attorney would have the right to confront and cross-examine these witnesses;
6. That defendant would have the right to see and hear all witnesses presented at trial;
7. That defendant would have the right to subpoena defense witnesses to testify at the trial, and if he could not afford to pay the fees and costs of bringing these witnesses to court, then the Government would be required to pay those fees and costs;
8. That defendant would have the privilege against self-incrimination; *i.e.*, he could choose to testify at trial, but he need not do so, and if he chose not to testify, then the court would instruct the jury that defendant had a constitutional right not to testify;
9. That any verdict by the jury would have to be unanimous;

10. That he would have the right to appeal, and if he could not afford an attorney for the appeal, then the Government would pay the costs of an attorney to prepare the appeal.

Defendant also was advised of the rights he would waive by entering a plea of guilty. Defendant was told there would be no trial, he would waive all the trial rights just described, and he would be adjudged guilty without any further proceedings except for sentencing.

Defendant confirmed that his decision to plead guilty was voluntary and was not the result of any promises; and his decision to plead guilty was not the result of any threats, force, or anyone pressuring him to plead guilty.

Defendant confirmed that he still wished to plead guilty, and he pleaded guilty to **Count 1** of the Indictment.

The court finds the following with respect to defendant's guilty plea:

1. The guilty plea is voluntary, knowing, not the result of force, threats or promises, and defendant is fully competent.
2. Defendant is aware of the maximum punishment.
3. Defendant knows his jury rights.
4. Defendant has voluntarily waived his jury rights.
5. There is a factual basis for the plea.
6. Defendant is, in fact, guilty of the crime to which he is pleading guilty.

Defendant was advised that a written presentence investigation report would be prepared to assist the court in sentencing. Defendant was told that he and his counsel would have an opportunity to read the presentence report before the sentencing hearing and to object to the contents of the report, and he and his counsel would be afforded the opportunity to present evidence and be heard at the sentencing hearing.

Defendant was advised that the failure to file written objections to this Report and Recommendation within 14 days of the date of its service would bar him from attacking

this court's Report and Recommendation, which recommends that the assigned United States District Judge accept defendant's plea of guilty.

*United States v. Cortez-Hernandez*, 2016 WL 7174114 (8th Cir. 2016) (per curiam), suggests that a defendant may have the right to *de novo* review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed. *But see* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). The district court judge will undertake a *de novo* review of the Report and Recommendation if a written request for such review is filed within fourteen (14) days after this order is filed.

The court finds by clear and convincing evidence that defendant is not likely to flee or to pose a danger to the safety of any other person or the community. Therefore, in accordance with 18 U.S.C. §§ 3143(a) and 3142(c), defendant is released pursuant to the terms of his bond, and he shall surrender to the United States Marshals Service on a date to be determined by the United States District Judge.

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 5th day of June, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa